**F I L E D**

PUBLISH

**June 20, 2005**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RICO JAURDON; RICCI JETT,

        Plaintiffs-Appellants,

v.

CRICKET COMMUNICATIONS,
INC.,

        Defendant-Appellee.

No. 02-5127
(D.C. No. 01-CV-633-H)
(N.D. Okla.)

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 01-CV-633-H)**

---

Submitted on the briefs:

Jana B. Leonard and Jason D. Leonard, Leonard & Associates, P.L.L.C.,
Oklahoma City, Oklahoma, for Plaintiffs-Appellants.

Jo Anne Deaton, Rhodes, Hieronymus, Jones, Tucker & Gable, P.L.L.C., Tulsa,
Oklahoma, for Defendant-Appellee.

---

Before **SEYMOUR, McCONNELL**, and **TYMKOVICH**, Circuit Judges.

---

**McCONNELL**, Circuit Judge.

---

Plaintiffs-appellants filed their Title VII action in the district court claiming race discrimination and retaliation in violation of 42 U.S.C. §§ 1981 and 1985. The district court dismissed all claims, holding that plaintiff Jaurdon's termination was not discriminatory and that plaintiff Jett's claims failed because defendant's reasons for not promoting him were not pretextual and because Mr. Jett's evidence of retaliation was insufficient. Plaintiffs appealed.

While the appeal was pending, defendant-appellee Cricket Communications and certain of its subsidiaries and other affiliated entities (Cricket) filed for Chapter 11 protection. On April 15, 2003, this court abated the appeal pending resolution of the bankruptcy proceeding. On December 1, 2004, after filing several court-ordered status reports, Cricket filed its final report in which it stated that its plan of reorganization had been approved by the bankruptcy court. Cricket also argued that this appeal should be dismissed as discharged under the Bankruptcy Code. Cricket stated that, "[t]o the best of [its] knowledge, Appellants never submitted any notice of claim to the Bankruptcy Court and thus Appellants' claims have now been discharged by operation of law pursuant to the Plan." Appellee's Final Report Regarding Status of Bankruptcy Proceedings and Request for Dismissal of Appeal at 1.

On April 4, 2005, this court ordered Cricket to provide evidence that appellants received the formal notice of the pertinent bankruptcy deadlines in

time for them to act appropriately (show cause order). Having received Cricket's response to this court's show cause order as discussed below, we grant Cricket's request and dismiss this appeal.[1]

The confirmation of a plan in a Chapter 11 bankruptcy discharges a non-individual debtor, here Cricket, from pre-petition debt unless a creditor does not receive formal notice of the bankruptcy. *See* 11 U.S.C. § 1141(d)(1)(A); *Dalton Dev. Project #1 v. Unsecured Creditors Comm. (In re Unioil)*, 948 F.2d 678, 683-84 (10th Cir. 1991). If appellants held claims against Cricket and received proper notice, they are bound by the terms of the confirmed plan, and this appeal is subject to dismissal because those claims have been extinguished pursuant to the plan. The initial inquiry, therefore, is whether appellants had a claim in Cricket's bankruptcy.

The Bankruptcy Code defines a claim in pertinent part as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). In order to appreciate the broad concept of "claim," it is helpful to compare the newer, more expansive

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

definition of claim contained in the Bankruptcy Code with the definition of claim in the old Bankruptcy Act.

> When Congress drafted the Bankruptcy Code in 1978, it provided a far more inclusive definition of "claim" than had been used under the superseded Bankruptcy Act of 1898, as amended. The revised definition was intended to mark "a significant departure from present law" by creating the "broadest possible definition" of claim. The goal of Congress was to ensure that "all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case," and permit the "broadest possible relief in the bankruptcy court."

Laura B. Bartell, *Due Process for the Unknown Future Claim in Bankruptcy–Is This Notice Really Necessary?*, 78 Am. Bankr. L.J. 339, 340-41 (2004) (footnotes citing legislative history omitted).

Despite the facial appeal of appellants' argument that, because they lost in the district court they were owed no money by Cricket, were not creditors, and therefore did not need to file proofs of claim, the definition of "claim" in the Bankruptcy Code is broad enough to encompass appellants' case on appeal. Because the definition of claim includes "right to payment, whether or not such right is . . . contingent, [or] disputed," 11 U.S.C. § 101(5)(A), it includes appellants' situation -- be it disputed by Cricket or contingent upon this court's decision on appeal. *See Fogel v. Zell*, 221 F.3d 955, 963-64 (7th Cir. 2000) (analogizing to asbestos cases and allowing City of Denver to file late claim based on purchase of defective sewer pipe that had not yet burst before deadline for filing proofs of claim); *United States v. LTV Corp. (In re Chateaugay Corp.)*,

944 F.2d 997, 1005 (2d Cir. 1991) (holding that unincurred CERCLA response costs for pre-petition releases of hazardous waste were claims despite the fact that EPA did not yet know the full extent of the removal costs and did not even know the location of all the sites where waste might be located); *see also Jones v. Chemetron Corp.,* 212 F.3d 199, 209 (3d Cir. 2000) (holding that a child, unborn at the time of the bankruptcy proceeding in which no representative had been appointed to receive notice and represent future claimants, held a claim not discharged by the confirmation order).

As referred to above and in response to Cricket's request for dismissal of this appeal, this court issued a show cause order dated April 4, 2005, directing Cricket to provide evidence that appellants received the requisite formal notice of the bankruptcy proceeding in time for them to file proofs of claim as required by the law in this Circuit. *See In re Unioil*, 948 F.2d at 683-84. Cricket has responded to the show cause order with adequate proof that the requisite formal notice was sent to both of the appellants in a timely manner. Appellants do not deny that they received the requisite notice. Therefore, the confirmation of Cricket's reorganization plan discharged appellants' claims by operation of law. *See* 11 U.S.C. § 1141 (d)(1)(A).

Cricket's motion for permission to file an out-of-time reply to appellants' response to the request for dismissal of appeal is GRANTED.

This appeal is DISMISSED.